UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No. 3:25-cr-18-7

vs.

MATTHEW T. WALLS,                  District Judge Michael J. Newman
                                      Magistrate Judge Caroline H. Gentry

      Defendant.

---

**ORDER: (1) DENYING DEFENDANT MATTHEW WALLS' MOTION TO REVOKE HIS DETENTION ORDER (Doc. No. 174); AND (2) AFFIRMING JUDGE GENTRY'S DETENTION ORDER (Doc. No. 151)**

---

This case is before the Court for review of the pre-trial detention order that United States Magistrate Judge Gentry issued on January 29, 2026.  Doc. No. 151.  Defendant Matthew Walls now moves, through counsel, to revoke his detention pursuant to 18 U.S.C. § 3145(b).  Doc No. 174.  The motion is ripe for review.

## I.      BACKGROUND

Defendant stands indicted, along with ten other defendants, on three offenses including, as relevant here, conspiracy to possess with intent to distribute drugs, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and distributing a mixture of substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Doc. No. 37.

In January 2026, the Government moved for pretrial detention, arguing that a rebuttable presumption of detention applies because there is probable cause to believe that Defendant committed an offense in violation of the Controlled Substances Act and is subject to ten or more years in prison.  Doc. No. 142, PageID 544; *see* 18 U.S.C. § 3142(e)(3)(A).

Defendant appeared before Judge Gentry for a detention hearing on January 29, 2026.  *See* Doc. No. 151.  Judge Gentry reviewed, among other conditions, Defendant's criminal history, potential length of incarceration if convicted, and the safety of the community.  *Id.* at PageID 571.  Judge Gentry ultimately held there were no conditions of release that would assure Defendant's appearance for court proceedings and/or community safety.  *Id.*  For all these reasons, Judge Gentry ordered Defendant detained pending trial.  *Id*. at PageID 572.

Defendant now moves to revoke the detention order, *i.e.*, to release him on a bond.  Doc. No. 174.  He argues that there are conditions of release that would assure his appearance at trial and community safety.  *Id.* at PageID 710.

## II.      STANDARD OF REVIEW

A defendant may move to revoke or amend a detention order under 18 U.S.C. § 3145(b).  A district judge must then review *de novo* a magistrate judge's detention order.  *Id.; United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000); *United States v. Williams*, No. 2:20-cr-142, 2020 WL 6866404, at *2 (S.D. Ohio Nov. 23, 2020).  "A *de novo* review requires the district court 'to give fresh consideration' to the issues before it."  *United States v. Davis*, No. 2:19-cr-196, 2020 WL 1977219, at *2 (E.D. Tenn. Apr. 24, 2020) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)).  A hearing on a § 3145(b) motion is not required.  *United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000); *Williams*, 2020 WL 6866404, at *2.

## III.     ANALYSIS

While the usual default position is that a person should be released pending trial, "[t]hat default is modified . . . for certain, particularly dangerous defendants." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

> "[I]t shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed []

> an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

18 U.S.C. § 3142(e)(3)(A). This presumption leaves a defendant with the burden to produce evidence that he/she does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. If a defendant presents some evidence to that effect, he or she has satisfied the burden of production and has rebutted the presumption, but the district court still considers the presumption as a factor when resolving whether Defendant must be detained pending trial. *Id.*; *see also United States v. Dillard*, No. 3:23-mj-00011, 2023 WL 313856, at *2 (S.D. Ohio Jan. 19, 2023).

When reviewing the magistrate judge's detention order, the district judge relies on the 18 U.S.C. § 3142(g) factors: "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *United States v. Webb*, No. 00-6368, 2000 WL 1721060, at *1–2 (6th Cir. Nov. 6, 2000). A Court will order a defendant detained upon finding that there are no conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "A judicial finding of either substantial danger to the community or risk of flight" is sufficient to detain a defendant. *Williams*, 2020 WL 6866404, at *2. "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Having carefully reviewed Defendant's motion and considered *de novo* all filings in this matter, including Defendant's motion, the Court concludes that detention is necessary to assure Defendant's appearance and to assure the safety of the community. Even if Defendant rebutted the presumption, the § 3142(g) factors favor keeping him detained pending trial.

Defendant is charged with several serious offenses subject to long periods of imprisonment, including multiple offenses involving controlled substances.  Defendant is incentivized to flee given the potential for long imprisonment.  This counsels in favor of detention.  *See United States v. Dixson*, No. 20-1998, 2021 WL 1502723, at *1 (6th Cir. Mar. 22, 2021) (upholding detention and agreeing with the district court that a ten-year term of incarceration "reflected the seriousness of the crime and 'increase[d] the likelihood of flight.'" (internal citations omitted)).

The next factor, "the weight of the evidence against the person," § 3142(g)(2), considers "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."  *Stone*, 608 F.3d at 948.  Defendant's drug charges, and his alleged level of involvement, favors detention.  *See United States v. Tawfik*, 852 F. App'x 965, 966 (6th Cir. 2021) (upholding the defendant's detention, "especially given the presumption in favor of detention").

The next factor requires the Court to examine "the history and characteristics of the person[.]"  18 U.S.C. § 3142(g)(3).  Among the considerations are Defendant's family ties, community ties, past conduct, and criminal history.  18 U.S.C. § 3142(g)(3).  Defendant's family and community ties do not weigh in favor of release, as there is no mention of this in his motion.  *See* Doc. No. 174.  Further, a criminal record supports a finding of dangerousness.  *Stone*, 608 F.3d at 950 (citing *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991)).  Defendant has convictions for offenses involving violence, weapons and failure to obey police orders, as well as numerous failures to appear, bond violations, probation violations and parole violations.  Doc. No. 151 at PageID 571.  This provides the Court with little confidence that he would now appear to face the instant charges.  *See United States v. Moore*, No. 20-3497, 2020 WL 6580481, at *2 (6th Cir. July 8, 2020) (finding the defendant was likely a danger to the community and a flight risk due to "his multiple violations of supervised release, propensity to reoffend, and prior failures to appear"); *Dixson*, 2021 WL 1502723, at *1 (finding the defendant's probation violations and

uncooperative behavior with authorities suggested "he was unlikely to appear for future proceedings[]").

The last factor, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release[,]" 18 U.S.C. § 3142(g)(4), weighs in favor of detention, especially in light of the presumption. *See United States v. Lattner*, 23 F. App'x 363, 364 (6th Cir. 2001) ("The court may continue to give the presumption some weight by keeping in mind that Congress has determined 'that drug offenders pose a special risk of flight and dangerousness to society.'" (quoting *United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir. 1989))). Defendant was arrested on drug charges and has a criminal history. *Cf. United States v. Nero*, 854 F. App'x 14, 17 (6th Cir. 2021) (finding that there were no conditions that would assure community safety and the defendant's appearance in court because defendant had eight probation violations and committed six crimes while on supervision).

## IV.    CONCLUSION

For the aforementioned reasons, the Court finds that there are no conditions of release that would assure community safety and Defendant's appearance for court proceedings. *See* 18 U.S.C. § 3142(e)(1). Thus, Defendant's motion is **DENIED** and he shall remain detained pending trial. Judge Gentry's detention order, therefore, is **AFFIRMED**.

**IT IS SO ORDERED.**

May 26, 2026                                       s/Michael J. Newman
                                                   Hon. Michael J. Newman
                                                   United States District Judge